UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE
OF MICHIGAN,
          Plaintiff,

v.                                      Case No. 2:15-cv-130
                                      HON. TIMOTHY P. GREELEY

JOHN R. KANERVA,
          Defendant.
_____/

## REPORT AND RECOMMENDATION

On September 17, 2015, Defendant Kanerva filed a notice of removal in this Court regarding a criminal proceeding that was instituted in the Marquette County Circuit Court. Docket # 1. Since that time, Defendant has submitted several motions in this Court. *See* Docket ## 10, 17, 18, 20, 21, 22, 25, 26. Upon review of the record, the undersigned recommends that this case be remanded to the 25th Circuit Court for final disposition.

Defendant has a history of attempting to remove his state court cases to the federal forum; however, each attempt has been unsuccessful. *See Marquette County Treasurer v. Kanerva*, 2:13-CV-47; *Michigan State Treasurer v. Kanerva*, 2:14-CV-39; *Jacobson v. Kanerva*, 2:14-CV-200; *MM Vending Inc. v. Kanerva*, 2:15-CV-41. This time, Defendant is attempting to remove his state court criminal case to federal court based on allegations that the criminal prosecution violates his civil rights. *See generally* Docket # 1. However, civil rights violations cannot be brought as counterclaims to a criminal prosecution.

Moreover, to the extent Defendant argues that these civil rights violations fulfill the removal requirements under 28 U.S.C. § 1443, this argument also fails because any claim

alleging that the prosecution is "a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Noble v. Wayne Cnty. Prosecutor's Office*, No. 14-11033, 2014 WL 1515788, at *2 (E.D. Mich. Apr. 18, 2014) (quoting *Johnson*, 421 U.S. 213, 219 (1975)).  More importantly, however, Defendant has not shown that his rights would be unquestionably denied should he go to trial in the state court. *Noble*, 2014 WL 1515788, at *3.  Thus, since Defendant has not shown that he is being denied a chance to enforce his alleged, specific federal rights in state court, he has not met the requirements for removal under section 1443.  *Id.*

Consequently, the undersigned recommends that this case be **DISMISSED** and **REMANDED** to the 25th Circuit Court for further proceedings. Based on the recommended order of remand, Defendant's outstanding motions are **DENIED AS MOOT** (docket ## 10, 17, 18, 20, 21, 22, 25, 26).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).

_/s/ *Timothy P. Greeley*_____

Dated:  10/28/2015  TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE