UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE OF
MICHIGAN,

       Plaintiff,                              Case No. 2:15-cv-130

v.

                                               HON. ROBERT HOLMES BELL

JOHN R. KANERVA,

       Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action stems from a criminal complaint against Defendant John R. Kanerva filed in Marquette County Circuit Court. Defendant filed a notice of removal with this Court on September 17, 2015. On October 28, 2015, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the Court remand the matter to state court. (ECF No. 28.) Defendant has filed objections to the R&R. (ECF No. 31.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Defendant raises a number of objections, but none of them undermine the basis for the magistrate judge's conclusion that this case should be remanded. In short, the magistrate judge concluded that Defendant cannot remove his criminal proceedings to this Court by asserting civil rights violations as counterclaims to that prosecution, and he has not shown that he cannot enforce his federal rights in state court. The Court discerns no error in those conclusions.

Defendant asserts that removal is proper under 28 U.S.C. § 1443, but § 1443(1) applies only if Defendant has been denied a right "under a federal law that provides for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Defendant does not allege the denial of federal civil rights guaranteeing racial equality. Moreover, § 1443(2) does not apply because the first half of that section is "available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants & Sergeants Assoc. v. City of Detroit*, 597 F.2d 566, 568 (6th Cir.1979). The second half was designed to protect state officers charged with enforcing federal law "from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues." *Id.* Defendant does not allege facts falling under any of these categories. Thus, removal is improper under § 1443.

Defendant objects to the magistrate judge's statement that Defendant had ten days in which to file objections to the R&R. Although this was an error, it was a harmless one.

Defendant filed his objections within the required time period and the Court has considered them.

Defendant also objects to the magistrate judge's statement of facts regarding Defendant's history of attempting to remove cases to this Court. That statement merely provides background information; it is irrelevant to the disposition of this case.

Defendant also raises a number of objections to the validity of the state court proceedings. Those objections can, and should, be raised in state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections (ECF No. 31) are **DENIED** and the Report and Recommendation (ECF No. 28) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to Marquette County Circuit Court.

**IT IS FURTHER ORDERED** that Defendant's pending motions filed with this Court (ECF Nos. 10, 17, 18, 20, 21, 22, 25, 26, 30, 32) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to send Defendant's Motion to Disqualify Judge, named as, "Affidavit and Requirement for Return of Property" (ECF No. 38) to the Marquette County Circuit Court, along with this Order.

Dated: December 15, 2015        /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE