UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE OF
MICHIGAN,

       Plaintiff,                                      Hon. Robert J. Jonker

v.                                                         Case No. 2:15-cv-130

JOHN R. KANERVA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(A) for a Report and Recommendation on Defendant's Motion to Reopen Case. (ECF No. 61.) For the reasons that follow, the undersigned recommends that Defendant's motion be **DENIED**. The undersigned further recommends that the Court enter an order instructing the Clerk of the Court to reject all future motions or filings, including notices of removal, relating to Defendant's efforts to remove the underlying criminal case to this Court.

On September 17, 2015, Defendant initiated the present case by filing a notice of removal regarding a criminal proceeding against him pending in the Marquette County Circuit Court. (ECF No. 1.) On October 28, 2015, Magistrate Judge Greeley entered a Report and Recommendation recommending that the Court remand the case to state court because civil rights violations may not be brought as counterclaims to a criminal prosecution and the removal failed to satisfy the narrow requirements for removal of criminal cases under 28 U.S.C. § 1443. (ECF No. 28 at PageID.410–11.) On December 15, 2015, Judge Bell adopted Magistrate Judge

Greeley's recommendation to remand the case over Defendant's objection that removal was proper under 28 U.S.C. § 1443.  (ECF No. 39.)

Defendant's motion to reopen provides no valid basis for the Court to reopen the case. Defendant cites no court rule or other authority supporting his motion, nor does he argue that the remand order—issued more than four years ago—was erroneous or invalid.  Moreover, to the extent Defendant asserts that his constitutional rights have been violated during the state criminal proceeding, those allegations provide no basis for this Court to exercise removal jurisdiction over the state criminal case.[1]  *See St. Louis Cnty. v. Johnson*, No. 4:15CV745, 2015 WL 2238998, at *2 (E.D. Mo. May 12, 2015) ("Defendant[s] merely argue[] that they are being denied general constitutional rights by the trial court-violations which can be addressed on appeal or in habeas corpus proceedings.").  Accordingly, Defendant's motion lacks merit and should be denied.

As Magistrate Judge Greeley noted in his October 28, 2015 Report and Recommendation, Defendant has a history of improperly removing cases to this Court.[2]  (ECF No. 28 at PageID.410.)  Apart from the improper removal in this case, following remand, Defendant has made numerous attempts to file documents in this case, unnecessarily consuming the Court's and its staff's time in dealing with Defendant's voluminous and frivolous filings.  (*See* ECF Nos. 44, 45, 49, 50, 55, 57, 59 and 60.)  In addition, on January 6, 2020, Defendant filed another notice of removal purporting to remove a psychiatric evaluation proceeding in the state criminal case

---

[1] Removal jurisdiction under 28 U.S.C. § 1443(1) is valid only if the right allegedly denied "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Defendant has never made such an allegation in this case.

[2] Since Judge Greeley issued his Report and Recommendation, Defendant removed two more cases to this Court, both of which were summarily remanded.  *See Wells Fargo Bank NA v. Russell A. Kanerva, et al.*, No. 2:19-cv-22 (W.D. Mich.); *Center for Forensic Psychiatry, et al. v. John R. Kanerva*, No. 2:20-cv-2 (W.D. Mich.).

underlying the instant case.  *See Center for Forensic Psychiatry, et al. v. John R. Kanerva*, Case No. 2:20-cv-2 (W.D. Mich.).  On January 7, 2020, Judge Maloney remanded the case to state court based on lack of jurisdiction.  (Case No. 2:20-cv-2, ECF No. 12.)  Defendant thereafter filed a motion for reconsideration and numerous supplements.  (ECF Nos. 7, 9–11, 12, 13.)  On May 5, 2020, Judge Maloney denied Defendant's motion for reconsideration, noting that while Defendant alleged various constitutional violations in the state-court proceeding, he failed to identify any error in the previous remand order.  (ECF No. 14.)

Thus, Defendant continues to place an unwarranted burden on this Court's limited resources.  Accordingly, the undersigned recommends that, pursuant to its inherent power to manage and control its own docket and prevent abuse of its process, the Court enter an order directing the Clerk to reject any additional filings by Defendant, including notices of removal, relating to Defendant's effort to remove the underlying criminal case (or its related proceedings) to this Court.  The undersigned further recommends that, in light of Defendant's litigation history, the Court warn Defendant that the filing of future meritless lawsuits or notices of removal may result in the imposition of sanctions, including an order enjoining Defendant from filing any new actions unrelated to the criminal case, without first obtaining the Court's permission.  *See Polyak v. Hamilton*, No. 85-6134, 1986 WL 17566 (6th Cir. Aug. 15, 1986) (affirming district court's order enjoining the plaintiff from filing future actions arising from state-court litigation without obtaining court permission); *Hackett v. Tennessee*, No. 94-5311, 1995 WL 283844 (6th Cir. May 10, 1995) (affirming district court's order barring a plaintiff who had removed a criminal proceeding from filing any future actions); *Phillips v. McKinny*, Nos. 1:17-cv-1299, 1:17cv1300, 1:17cv1301, 1:17cv1302, 2017 WL 8785567 (E.D. Va. Dec. 14, 2014) (enjoining party "who continued to file frivolous motions even though all of his cases had been remanded to state court

for lack of federal jurisdiction" from filing any pleadings without first obtaining permission of a district judge).

For the foregoing reasons, the undersigned recommends that the Court **deny** Defendant's Motion to Reopen (ECF No. 61), direct the Clerk to reject any future filings relating to Defendant's efforts to remove the underlying criminal case to this Court, and warn Defendant that the future filing of meritless lawsuits or notices of removal may result in the imposition of sanctions as discussed above.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: May 12, 2020                              /s/ Sally J. Berens
                                                                SALLY J. BERENS
  &nbsn;                                                   U.S. Magistrate Judge